UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ANNABELLA GOMEZ,                                     :
                                                     :
                              Plaintiff,             :
                                                     :        REPORT AND
              -against-                              :        RECOMMENDATION
                                                     :
DELSHAH CAPITAL, LLC, KIMSO APARTMENTS  :            No. 24-cv-08047-RPK-JRC
LLC, 185-225 PARK HILL, LLC, POONAM     :
APARTMENTS, LLC, DR. DARSHAN SHAH,      :
MICHAEL SHAH, AND PATRICK MCCANN,       :
                                                     :
                              Defendants.            :
-------------------------------------------------------------------x
JAMES R. CHO, United States Magistrate Judge:

Annabella Gomez ("plaintiff" or "Ms. Gomez") commenced this employment

discrimination action alleging violations of Title VII of the Civil Rights Act of 1965, 42 U.S.C.

§ 2000e-2(a), the New York State Human Rights Law and the New York City Human Rights

Law. *See generally* Compl., Dkt. 1.  Initially represented, Ms. Gomez's counsel withdrew from

the case after Ms. Gomez ceased all communications with him.  Ms. Gomez subsequently failed

to appear for multiple Court appearances.

On referral from the Honorable Rachel P. Kovner is the question of whether Ms.

Gomez's case should be dismissed for failure to prosecute.  *See* Order Referring Mot. dated Sept.

23, 2025.  As set forth below, this Court recommends that the case be dismissed without

prejudice in light of Ms. Gomez's failure to prosecute pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure.

**Background**

On November 19, 2024, plaintiff, then represented by Hakan Sen, brought this action against defendants DelShah Capital, LLC, Kimso Apartments, LLC, 185-225 Park Hill, LLC, Poonam Apartments, LLC, Dr. Darshan Shah, Michael Shah, and Patrick McCann (collectively, "defendants"). *See* Compl., Dkt. 1. On January 31, 2025, plaintiff filed a request for certificate of default. Dkt. 6. Defendants thereafter appeared through their counsel and filed a motion for an extension of time to file their answer on February 3, 2025, which the Court granted on February 4, 2025. Dkts. 7–9; Order dated Feb. 4, 2025. Defendants requested an extension because the parties had agreed to participate in a mediation. Dkt. 8. Plaintiff's counsel, however, canceled the mediation because counsel had difficulty contacting plaintiff. Dkt. 15. Defendants filed two additional extension requests and thereafter filed their Answer on May 12, 2025. Dkts. 10–12.

On May 13, 2025, the Court scheduled an Initial Conference for May 27, 2025. Dkt. 14. On May 15, 2025, plaintiff's counsel, Hakan Sen, filed a Motion to Withdraw as Attorney, asserting that Ms. Gomez had ceased all communications with him hampering his ability to continue representing Ms. Gomez and placing him in an untenable position.[1] Dkt. 15. The Initial Conference was then converted to a motion hearing and later adjourned to June 17, 2025. *See* Orders dated May 15 and 16, 2025. The Court ordered plaintiff, plaintiff's counsel, and defendants' counsel to attend the hearing. *Id.*

While plaintiff's counsel and defendants' counsel attended the hearing, plaintiff failed to appear. *See* Min. Entry dated June 17, 2025. Plaintiff's counsel had advised plaintiff of the June 17, 2025 hearing. *Id.* At the hearing, the Court granted plaintiff's counsel's motion to withdraw

---

[1] Plaintiff's counsel even had law enforcement officers conduct a wellness check on plaintiff at her home. Dkt. 15 at 2. Ms. Gomez confirmed that she was "aware her attorney was attempting to contact her." *Id.*

2

as counsel.  *Id.*  The Court stayed the case until July 24, 2025, to afford plaintiff an opportunity to find new counsel or appear *pro se* and scheduled a conference for July 24, 2025.  *Id.*  Plaintiff's outgoing counsel, Hakan Sen, served a copy of the June 17, 2025 Order on plaintiff by mail.  Dkt. 18.  (The Clerk's Office also mailed a copy of the June 17, 2025 Order to plaintiff.)

At the July 24, 2025 conference, Ms. Gomez again failed to appear.  *See* Min. Entry dated July 24, 2025.  The Court scheduled an additional conference for August 14, 2025.  *Id.*  Given that plaintiff had missed two consecutive conferences, where she had been ordered to appear, this Court warned plaintiff that failure to appear at the August 14, 2025 conference could result in a recommendation that the Court dismiss her case for failure to prosecute.  *Id.*  Defendants' counsel emailed plaintiff a copy of the July 24, 2025 Order.  Dkt. 19.  (The Clerk's Office also mailed a copy of the July 24, 2025 Order to plaintiff.)

At the August 14, 2025 conference, plaintiff failed to appear even though she had been served with notice of the conference.  *See* Min. Entry dated August 14, 2025.  This was the third consecutive conference that plaintiff had missed.

On August 29, 2025, defendants moved to dismiss the action on the grounds that Ms. Gomez had failed to pursue this litigation and had otherwise failed to prosecute her case.  *See* Mot. to Dismiss, Dkt. 21; Defs.' Mem. of Law in Supp., Dkt. 22.  On September 23, 2025, the Honorable Rachel P. Kovner referred defendants' motion to dismiss to the undersigned for a Report and Recommendation.  *See* Order Referring Mot. dated Sept. 23, 2025.

Based on a review of the docket and defendants' motion to dismiss, it was unclear whether defendants had served their motion on plaintiff.  On February 5, 2026, the Court ordered defendants to serve a copy of their motion to dismiss on plaintiff and gave plaintiff additional time to respond to the motion.  *See* Order dated Feb. 5, 2026.  Defendants' counsel served a copy

3

of their motion on plaintiff by mail and email.  Dkt. 24.  The Court ordered plaintiff to respond to defendants' motion to dismiss by February 26, 2026.  *See* Order dated Feb. 5, 2026.  Defendants' counsel served a copy of the February 5, 2026 Order on plaintiff by mail and email.  Dkt. 25.  Plaintiff failed to respond to the defendants' motion.

Despite the Court's Orders dated June 17, 2025, July 24, 2025, August 14, 2025, and February 5, 2026, including warnings that the Court would recommend dismissal for failure to prosecute, plaintiff has failed to appear for Court conferences, respond to defendants' motion to dismiss, or take any action to prosecute her claims.  It appears that plaintiff has abandoned her case.

## Discussion

"A district court has the inherent power to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  *Cuevas v. Ulmer*, No. 19-CV-4285, 2022 WL 4641606, at *3 (E.D.N.Y. Aug. 30, 2022) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2022 WL 4662169 (E.D.N.Y. Sept. 30, 2022); *see Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (recognizing that power of district court to dismiss for failure to prosecute is "explicitly sanctioned by Rule 41(b)" and "has generally been considered an 'inherent power'").  "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion."  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004).  A Rule 41 dismissal is, however, a "harsh remedy" and thus is appropriate only in "extreme situations."  *Lewis*, 564 F.3d at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)).

4

Dismissal pursuant to Rule 41 is committed to the discretion of the district court. *See*

*Wade v. Nassau Cnty.*, 674 F. App'x 96, 97 (2d Cir. 2017); *Drake*, 375 F.3d at 254. To

determine whether to dismiss for lack of prosecution, courts consider the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2)
> whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by further delay in the
> proceedings, (4) a balancing of the court's interest in managing its docket with the
> plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge
> has adequately considered a sanction less drastic than dismissal. No single factor
> is generally dispositive.

*Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d

212, 216 (2d Cir. 2014)); *see also Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177

(2d Cir. 2008); *Jefferson v. Rosenblatt*, No. 13-CV-5918, 2018 WL 3812441, at *3 (E.D.N.Y.

Aug. 10, 2018). As discussed below, these five factors favor dismissal of this action.

First, inaction has caused undue delay in this case. Ms. Gomez has taken no action in this

case since at least May 15, 2025, when her counsel moved to withdraw as her counsel. *See* Dkt.

15. Since that time, Ms. Gomez has failed to respond to multiple Orders directing her to appear

in this action. *See* Orders dated June 17, 2025, July 24, 2025, and August 14, 2025. The first

factor—the delay caused by plaintiff's inaction—weighs in favor of dismissal. *See Ruzsa*, 520

F.3d at 177–78 (upholding dismissal where party caused seven-month delay); *Chira v. Lockheed*

*Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir. 1980) (upholding dismissal where party caused

six-month delay).

Second, Ms. Gomez has been provided with notice from this Court regarding the

consequences of her inaction. *See* Orders dated July 24, 2025 ("Ms. Gomez is warned that

failure to appear at scheduled conferences and failure to follow the Court's Orders will result in a

recommendation to the District Judge that the case be dismissed for failure to prosecute."), and

5

August 14, 2025 ("The Court previously warned Ms. Gomez that failure to appear at scheduled conferences and failure to follow the Court's Orders will result in a recommendation to the District Judge that the case be dismissed for failure to prosecute."). The relevant Orders were served on Ms. Gomez both by defendants' counsel and the Court. *See* Dkts. 19, 20. The Orders dated July 24, 2025, August 14, 2025, and February 5, 2026 stated in simple and clear terms what was required of Ms. Gomez. Despite service of the Orders, plaintiff has failed to comply with the Orders directing her appearance or response to the motion to dismiss for failure to prosecute. The second factor weighs in favor of dismissal.

Third, Ms. Gomez's failure to prosecute for nine months has prevented the litigation from moving forward with respect to her claims. *See Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (delay of six months sufficient to warrant dismissal under Rule 41(b)); *Moton v. Williams*, No. 15-CV-6485, 2018 WL 2229126, at *3 (S.D.N.Y. May 16, 2018) (noting that although there is "no magic number" for the length of noncompliance, "courts have deemed delays of three months and less sufficient to warrant dismissal" (internal quotation marks omitted)) (collecting cases), *report and recommendation adopted*, 2018 WL 3384433 (S.D.N.Y. July 11, 2018).

Here, Ms. Gomez's failure to prosecute her case has prejudiced defendants. Resolution of this case has been delayed because of Ms. Gomez's inaction. Her claims have remained stagnant and cannot move forward without her participation. The Second Circuit has recognized that "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993). The third factor weighs in favor of dismissal.

6

Fourth, the Court has a significant interest in managing its docket. *See Ungaro v. Aaron*, No. 24-CV-339, 2024 WL 3678437, at \*2 (S.D.N.Y. Aug. 5, 2024); *Keating v. Leviton Mfg. Co., Inc.*, No. 06-CV-6027, 2009 WL 234654, at \*2 (E.D.N.Y. Jan. 30, 2009). This Court has provided plaintiff with ample opportunity to pursue this action and participate in these proceedings. "[I]t would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket where plaintiff[] ha[s] made no effort to comply with the Court's [o]rders or to prosecute this case." *Ungaro*, 2024 WL 3678437, at \*2 (internal quotation marks and citation omitted). The fourth factor weighs in favor of dismissal.

Further, a sanction other than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [her] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at \*2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (E.D.N.Y. Apr. 3, 2018). Plaintiff's repeated failure to comply with Court orders and disinterest in pursuing her claims demonstrates that lesser sanctions would be ineffective.[2] *See Jackson v. Mostofsky*, No. 19-CV699, 2020 WL 3316018, at \*2 (E.D.N.Y. June 18, 2020) (holding that "no lesser sanction will be effective in moving this action forward"); *see also Ruzsa*, 520 F.3d at 178 (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice). Thus, the fifth factor weighs in favor of dismissal.

Under these circumstances, the Court recommends dismissal of plaintiff's claims without prejudice for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[2] When law enforcement officers conducted a wellness check on plaintiff, she was well aware that her counsel had been attempting to contact her. Dkt. 15. Plaintiff chose not to respond to her own attorney or this Court, further demonstrating her lack of interest in pursuing this action.

*See Redner v. City of Middletown*, No. 19-CV-4605, 2024 WL 2943776, at *3–4 (S.D.N.Y. June 10, 2024); *Keating*, 2009 WL 234654, at *2. Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

### Conclusion

For the reasons set forth above, this Court respectfully recommends dismissal of the claims of plaintiff Annabella Gomez without prejudice.

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court directs defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to plaintiff at her last known address and by email. Defendants shall file proof of service on ECF by March 9, 2026. Any objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before March 18, 2026. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam) (discussing waiver under the former ten-day limit).

**SO ORDERED**

Dated: Brooklyn, New York
March 4, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge

8